## LINDLEY v. SHEPHERD.

Court of Appeals of District of Columbia.

Submitted January 17, 1928.    Decided
February 6, 1928.

No. 2033.

1. Patents ⬤⟹106(2)—Though claims in interference proceedings will be given broad interpretation, apt limitations will not be disregarded.

Claims will be interpreted with reference to application in which they originate, and while, in an interference proceeding, they will be given the broadest interpretation they reasonably will support, apt limitations will not be disregarded.

2. Patents ⬤⟹90(1)—Inventor, complying with law as to describing patents, held properly awarded priority over one failing to disclose alleged interference (35 USCA § 33).

Inventor, complying with Rev. St. § 4888 (35 USCA § 33; Comp. St. § 9432), relative to describing patent, held properly awarded priority over another failing to disclose claimed interference in application; it not being enough that he may have had a conception of invention which he seeks to appropriate.

On Rehearing Relative to Taxation of Costs.

3. Costs ⬤⟹256(1)—Costs incident to certiorari for diminution of record, not necessary to determination of questions, will be taxed to party making motion.

Where matter brought up on certiorari pursuant to motion for diminution of record was not necessary to determination of questions involved, costs incident thereto will be taxed to party filing motion.

Appeal from the Commissioner of Patents.

Interference proceeding between Hugh B. Lindley and Edwin W. Shepherd. From a decision for the latter, the former appeals. Affirmed.

M. E. Miller, of Washington, D. C., for appellant.

C. H. Potter and J. H. Brickenstein, both of Washington, D. C., E. L. Greenewald, of New York City, and R. H. Van Nest, of Niagara Falls, N. Y., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a decision of the Commissioner of Patents in an interference proceeding awarding priority to the appellee, Shepherd. The single claim involved is claim 5 of Shepherd's patent, reading as follows:

"5. A separator for storage cells comprising a thin sheet of insulating material having wear-resisting strips embedded in one face thereof."

Shepherd's application was filed on May 15, 1922, and his patent issued June 3, 1924. Lindley's application was filed April 10, 1922, and was copending when the Shepherd patent issued, but it then contained no claim similar in scope to the claim in issue.

The invention defined by this claim relates to improvements in separators for spacing and insulating the positive and negative plates of a storage battery cell. When used in automobiles, these cells are subject to vibration, and the separators, if made of thin sheets of porous insulating material, such as wood, are liable to deteriorate through wear. Shepherd hit upon the idea of prolonging the life of these separators, without increasing their thickness, and without materially increasing their cost, by embedding in one face of the separator sheet of insulating material, such as wood, strips of wear-resisting and acid-resistant material, such as vulcanite. His application as allowed contains six claims, including the claim in issue.

In the original Lindley specification, there is nothing to indicate that the separators are to be of insulating material, but it is provided that each separator shall have special grooves in its grooved face for receiving reinforcing strips, and that "these strips are made thicker than the grooves, so that portions of the strips will project from the grooves and thus engage the positive plate." The strips are to be of greater length than the separator, so that the lower ends will engage the bottom of the jar. "These strips may be formed of hard rubber, glass, or any other suitable material."

In Shepherd's construction, the faces of the wear-resisting strips being flush with the face of the separator sheet, it necessarily results that the sheet, when installed in the battery, actually contacts both a positive and a negative plate. It was for this reason that Shepherd contemplated that the separator sheets should be of insulating material, and that the reinforcing strips should be embedded therein. Lindley, on the contrary, contemplated and provided that his reinforcing strips should be of such thickness that they would project a substantial distance from the face of the separator sheet. Therefore he provided that these strips should be of insulating material. Only one of the faces of Lindley's separator sheet contacts with the battery plate. The other face is held from contact by the outwardly projecting reinforcing strips. It will thus be seen that it is not necessary, in the construction originally contemplated by Lindley, that the separator sheets should be of insulating material; nor

was it necessary that the reinforcing strips should be "embedded" in the sheets, as contemplated by Shepherd. In fact, to have so embedded them would have rendered the device inoperative, if noninsulating material was used in the sheets. We here insert two figures illustrating the Shepherd construction and the original Lindley construction:

solve, on the ground that Lindley had no right to make the claims.

The Law Examiner ruled that there was no definite statement in·Lindley's specification requiring the separator and the strips to be of different material, as contemplated by five of the six counts, and sustained the motion as to them. From this ruling Lind-

After Lindley saw the Shepherd patent, he filed an amendment to his specification, in which he stated that "the separators are preferably constructed of wood," and in the "remarks" accompanying the amendment he said: "The applicant is considering an interference proceeding with a patent, and in order that there will be basis in the specification for the claims that will be requested to be entered under rule 93 in a subsequent request, it is pertinent that the above amendment be entered." Subsequently, Lindley copied all the claims of the Shepherd patent. Thereupon Shepherd filed a motion to dis-

ley did not appeal. As to count 5, here in issue, the Law Examiner was of the view that "it seems to be obvious that the separator must be of insulating material, if the invention of Lindley is practical and operative," and that, therefore, the amendment did not add new matter to the specification. The Board was of the same view as to this question, but the Commissioner ruled that there was no proper basis in the original Lindley application for this claim, that he has no right to make it, and that, therefore, Shepherd is entitled to the award of priority. [1, 2] It is familiar law that claims will be

interpreted with reference to the application in which they originate, and that, while in an interference proceeding they will be given the broadest interpretation they reasonably will support, apt limitations will not be disregarded. Bijur v. Rushmore, 46 App. D. C. 395; Chamberlin v. Kadow, 54 App. D. C. 294, 297 F. 673. We already have indicated that in our view the limitations in the count in issue, requiring the separator sheets to be of "insulating material" and the wear-resisting strips to be "embedded" therein, are apt and material limitations, and should not be disregarded. Section 4888, R. S. (35 USCA § 33; Comp. St. § 9432), provides that an inventor seeking a patent shall describe his invention "in such full, clear, concise, and exact terms as to enable any person skilled in the art or science to which it appertains, or with which it is most nearly connected, to make, construct, compound, and use the same." Shepherd complied with this statute. Lindley did not. His amendment was inspired by knowledge of what Shepherd had accomplished, and all doubts as to his right to appropriate what has been granted Shepherd should be resolved against him. It is not enough that he may have had a conception of the invention he seeks to appropriate. His application must disclose it. Herzog v. N. Y. Tel. Co. (C. C. A.) 172 F. 425; Id. (C. C. A.) 176 F. 349; Hestonville v. McDuffee (C. C. A.) 185 F. 798.

We agree with the Commissioner that Lindley's original specification and drawings do not disclose the invention here involved, and that he has no right to claim it. It results that the decision must be affirmed.

Affirmed.

## On Hearing Relative to Taxation of Costs.

PER CURIAM. On March 29, 1927, the party Shepherd, through his counsel, filed a motion for diminution of the record in this case. Certiorari was granted, the costs resulting therefrom to be taxed by the court. [3] The court finds that the matter brought up was not necessary to the determination of the question involved, and therefore taxes the costs incident to the granting of the certiorari against Shepherd.