## McINTYRE v. DODGE.

## DODGE v. McINTYRE.

Court of Appeals of District of Columbia.

Submitted November 15, 1928. Decided December 3, 1928.

Nos. 2092, 2097.

Charles M. Thomas and Francis D. Thomas, both of Washington, D. C., for appellant.

Harry H. Semmes, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. These appeals are from a decision of the Board of Patent Appeals in an interference proceeding involving the following counts:

"1. A pressed metal brake shoe comprising a pair of parts with circumferential flanges supporting the brake lining and with radial flanges engaging each other and extended and bent to form spaced arms at the end of the shoe, and means for fastening the radial flanges together."

"2. A pressed metal brake shoe comprising two parts having radial flanges secured together, and having oppositely projecting circumferential flanges cooperating to form a support for the brake lining, the radial flanges being extended to form parallel spaced arms at one end of the shoe."

"3. A pressed metal brake shoe having a

central radial flange with an opening, the flange being drawn out to form a sleeve surrounding the opening and forming in effect an integral bushing for the opening."

"4. A pressed brake shoe having a pair of parts arranged substantially in radial planes and formed with alined openings, the metal about the openings being drawn in opposite directions to form coaxial sleeves."

"5. A pressed brake shoe having a pair of parallel arms having alined openings, with the metal about the openings drawn out to form coaxial sleeves."

It will be observed that the counts cover certain details in the construction of brakes for automobiles, commercially known to the automobile industry as the "Bendix three-shoe brake."

The claims were copied by the party McIntyre from a patent issued to Dodge, and the parties were thrown into interference. No testimony was taken, since the dates set out by McIntyre antedate any date claimed by Dodge. Dodge, to avoid judgment on the record, moved to dissolve the interference on the ground that McIntyre could not make the claims. The Law Examiner denied the motion; and the Examiner of Interferences, affirming his decision, awarded all five claims to McIntyre. The Board reversed the Examiner as to claims 3 and 5, awarding these to Dodge. From the decision of the Board, McIntyre appealed in case No. 2092; and from the decision of the Board awarding claims 1, 2, and 4 to McIntyre, Dodge appealed in case No. 2097. The appeals have been presented together, and the cases will be disposed of in a single opinion.

There are certain fundamental principles of law applicable to cases of this sort which have peculiar force in the instant case. In the light of those principles, inasmuch as Dodge was first to make the claims, his specification must control in ascertaining a correct interpretation to be placed upon the claims. Seymour v. Molyneux, 49 App. D. C. 216, 263 F. 468. It is equally true that since the claims here have been copied from the patent to Dodge, for the purpose of securing an interference, the claims must be interpreted in the light of the patent disclosure. Hauss v. Merrell, 48 App. D. C. 433.

Counts 1 and 2 define a way of forming a shoe of pressed sheet metal, T-shaped in cross-section to give maximum strength, and providing spaced arms at the end of the shoe. The spaced arms in the assembled brake are so arranged at the end of one shoe as to straddle the end of the next or secondary shoe in such manner that the interior periphery of the brake drum may engage the friction lining of the shoes at the same time, preserving sufficient angular movement about its end to entirely free it from the drum when the brake is released.

The spaced arms, as disclosed in Dodge, are formed by separating two flanges at the end of the shoe which, when fastened together, jointly form the stiffening web of the shoe. The function of the spaced arms is clearly defined in the Dodge specification as operating to connect the shoes in such manner as to give "much larger area of brake lining in engagement with the drum." Indeed, the only function which Dodge attributes to the arms is to support the adjacent shoe, and to incidentally secure the increased brake lining engagement.

Coming now to the McIntyre specification, he describes his brake shoe as consisting of "two angle or L-shaped members bent so that a substantial portion of one face of each between the ends conforms to the surface of a cylinder, the ends themselves being flattened to the form of a chord of a circle for a purpose to be afterwards described. These members are adapted to be secured together, back to back, with the cylindrical and chord faces flush with each other, and secured together in that position by welding, riveting, or the like, with a flat member secured thereto by any suitable means, and conforming with the cylindrical and chord surfaces of the members."

Clearly these parts welded or riveted together, face to face, cannot be regarded as spaced arms. The portion of the McIntyre application, however, upon which he relies for the right to make counts 1 and 2, provides that before the members are assembled the metal at one end is bent back out of flush, or away from the contacting face, so that when the two members are assembled and riveted together a recess or slot is formed at the end by the separation of the members; but he then proceeds to define the purpose of this slot as follows: "A hardened metal member of T-shaped section is inserted in the recess and secured therein by rivets or other suitable means. The member (so inserted) has a flat face which is adapted to contact against a cam, which is operated to expand the shoe against the brake drum."

It will be observed that the object which McIntyre had in mind is entirely different from the function of the spaced arms as disclosed in the Dodge patent, and, inasmuch as we are not here considering counts directed to a process but to an article, the claims should be so construed as to read on the completed article. We are unable to find anything described in the McIntyre application

as corresponding in function to the spaced arms of the finished Dodge construction. The spacing of the arms in the Dodge patent constitutes an important function in connection with the finished article. The arms are spaced apart for the purpose of overlapping two brake shoes. In other words, one shoe is formed with two arms spaced apart to permit the end of another shoe to be inserted between them, but this function cannot be accomplished by the construction of McIntyre. Indeed, in the finished article of McIntyre no space is disclosed or required between the ends of the L-shaped members to connect with another shoe. The insertion at this point of the T-shaped "hardened metal member" by McIntyre is to accomplish an entirely different function from that attained by Dodge.

Coming to claims 3, 4, and 5, McIntyre now shifts his position to the other end of his shoe. Describing this portion of his structure in his specification, he states in substance that before welding or riveting the L-shaped members together an opening is formed in the end of each member being adapted to match each with the other when the parts are assembled, and each opening is provided with oppositely extending flared or tubular walls, which are formed in the operation of forming the holes by drawing out the metal displaced. When in assembled position, a bushing is placed into the opening, which forms a bearing for a pin upon which the shoe is adapted to pivot.

In claim 3, Dodge claims an integral bushing distinguished from McIntyre in the opinion of the Board as follows: "The term bushing as used by Dodge is applied to a sleeve formed integrally with the flange from metal punched therefrom to form a bearing. The application of McIntyre does not contemplate the formation of an integral bearing by punching and expanding metal from the radial flange of the brake shoe. The application discloses only a bearing formed of an inserted collar introduced within the opening and supported by the rim of expanded metal." This statement of the distinction as to claim 3 clearly justifies the action of the Board in awarding the claim to Dodge.

Claim 4 is much broader than claim 3, and calls merely for a pressed brake shoe having a pair of radial planes formed with aligned openings, the metal surrounding the openings being drawn in opposite directions to form coaxial sleeves. The purpose of the sleeves is not stated in the count, and, while broadly it may be applied to the Dodge construction, we think it may be construed as clearly reading upon the McIntyre construc-

tion. The claim is so broad as to exclude its technical application to the parallel arms of the Dodge construction, which, of course, are entirely absent in the McIntyre construction. We think, therefore, that the very broad language employed in this count by Dodge makes it reasonably readable on the McIntyre construction; and that the tribunals below were justified in awarding this claim to McIntyre.

Coming to claim 5, we are again back to Dodge's parallel arms and aligned openings —a structure absent in the McIntyre disclosure. Awarding this claim to Dodge, the Board in its opinion said: "Count 5 is more limited in scope than count 4. It calls for parallel arms having aligned openings, with the metal about the openings drawn out to form coaxial sleeves. The only parallel arms shown by McIntyre are the arms which embrace the web of the cam block. Those arms have no alined openings, with the metal about the openings drawn out to form coaxial sleeves. McIntyre construes the count to read upon the end of the brake shoe provided with the pivotal bearing, but here there are no arms. The flanges are not separated as arms at the pivotal end but are secured in contact to the very end and could not serve to receive a part between them as in the Dodge construction. We regard the construction of McIntyre as insufficient to support the count."

We agree with the conclusion reached by the Board that McIntyre cannot make this claim.

The decision of the Board in case No. 2097 is reversed as to claims 1 and 2, and priority of invention as to these claims is awarded to the party Dodge; and affirmed as to claim 4.

The decision in case No. 2092 is affirmed.