## HOOVER CO. v. OOMS, Commissioner of Patents.

### No. 8602.

United States Court of Appeals
District of Columbia.

Argued Oct. 23, 1945.
Decided Jan. 14, 1946.

Mr. Richard R. Fitzsimmons, of Chicago, Ill., with whom Mr. William S. Hodges, of Washington, D. C., was on the brief, for appellant. Messrs. Dwight B. Galt, of Washington, D. C., and Alfred G. Gross, of Chicago, Ill., also entered appearances for appellant.

Mr. E. L. Reynolds, of Washington, D. C., with whom Messrs. W. W. Cochran, Solicitor, U. S. Patent Office, and R. F. Whitehead, U. S. Patent Office, both of Washington, D. C., were on the brief, for appellee.

---

Before ALBERT LEE STEPHENS, Circuit Judge sitting by designation, CLARK and WILBUR K. MILLER, Associate Justices.

WILBUR K. MILLER, Associate Justice.

The Hoover Company, assignee of Curtis C. Coons, sued under Section 4915, R.S. 35 U.S.C.A. § 63, to obtain a reissue patent. Claims 15, 16, 38 and 39 are copies or modified forms of the claims of Bergholm with respect to his patent, and were made for interference purposes.

Both Coons and Bergholm disclose an absorption type refrigerating system in which gas heat is used to create the chemical reaction of the solutions employed to cause the cooling effect. One of the principles of refrigeration of this type is that heat exchanges occur through the contact or proximity of the chemical solutions as they pass through the conduits. In each of the conceptions of gas refrigeration involved in this case, heat exchange takes place three times.

Bergholm uses what he terms a "triple heat exchanger" in which the tubes containing the solutions (refrigerant vapor, enriched absorption solution and weak absorption solution) are brought simultaneously into contact through a concentric arrangement of the conduits, so the solutions may and do exchange heat. This triple exchanger is at a level below the surface level of the liquid in the generator and the absorber.

The question for determination is whether the claims copied or adapted by the appellant's assignor, Coons, from the Berg-

holm patent [1] are disclosed by the Coons reissue application, that is to say, whether the Coons patent shows a triple heat exchange below the liquid level of the generator and the absorber.

The language in the claims which presents the problem, with the exception of claim 38 which substitutes the term a "three-part heat exchanger" for "triple heat exchanger" is:

"An absorption refrigerating system having * * * a triple heat exchanger, said exchanger being connected to conduct vapors and liquids from the generator and liquid flowing to the generator in heat transfer relations out of physical contact with each other, said exchanger also being located at a level below the surface levels of liquid in both said generator and said absorber, * * *"

The term used in claim 38 is given the same interpretation as the terms used in the other claims.

Unquestionably Coons contemplates a heat exchange at three points, for the Coons device provides for the conduits containing the solutions to be in proximity so that heat exchange may occur (1) when the strong aqua passes from the absorber to the boiler and (2) when the weak aqua passes from the separator to the absorber; and (3) when the strong aqua passes through the outer chamber of the rectifier and the ammonia vapor passes through the inner chamber. The first two of the contacts of conduits just mentioned which permit heat exchange take place below the boiler or generator and below the absorber. The third occurs, however, below the absorber but above the boiler. But Bergholm

---

[1] Claim 15 is a copy of a claim of the Bergholm patent and 38 is typical of the other three claims.

"15. An absorption refrigerating system having a circuit for absorption liquid including a generator, an absorber, and a triple heat exchanger, said exchanger being connected to conduct vapors and liquid from the generator and liquid flowing to the generator in heat transfer relation out of physical contact with each other, said exchanger also being located at a level below the surface levels of liquid in both said generator and said absorber, and means for creating a third surface level of liquid in said circuit below said exchanger to permit drainage of condensate from the vapor portion of said heat exchanger into said liquid circuit.

"38. An absorption refrigerating system having a circuit for absorption liquid including a generator, an absorber, and a three-part heat exchanger, said exchanger being connected to conduct vapors and liquid from the generator and liquid flowing to the generator in heat transfer relation out of physical contact with each other, said exchanger also being located at a level below the surface levels of liquid in both said generator and said absorber, and means for creating a third surface level of liquid in said circuit below said exchanger to permit drainage of condensate from the vapor portion of said heat exchanger into said liquid circuit."

shows a concentric, simultaneous or truly triple heat exchange. Moreover, the Bergholm triple heat exchanger is entirely below the liquid level of the generator and the absorber, while Coons, as we have said, has one of the three heat exchanges taking place above the boiler.

It follows that the claims made by the appellant do not read upon the Coons reissue application, because the Coons conception does not envisage a triple heat exchanger as disclosed by Bergholm. It is thoroughly established that one who copies claims for interference cannot prevail unless his application discloses, expressly or inherently, the elements and limitations prescribed by the claim. It is insufficient that a certain result *may* come from a given set of circumstances.[2] The meaning of the issue must be determined by the specification of the Bergholm patent, for when one copies the claim of another's patent for interference purposes, the claims of the patent from which he copied determine the issue.[3]

Since the lower court held that the Coons application fails to support the copied claims, and since that determination seems to us to be correct, the judgment is affirmed.

Affirmed.

[2] In re Dubbs, 77 F.2d 520, 22 C.C.P. A., Patents, 1281; Hansgirg v. Kemmer, 102 F.2d 212, 26 C.C.P.A., Patents, 937.

[3] Funk v. Whitely, 25 App.D.C. 313; Lindley v. Shepherd, 58 App.D.C. 31, 24 F.2d 606; McIntyre v. Dodge, 58 App.D.C. 273, 29 F.2d 861.